IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

GISELE D. WILHOITE                                                                    PLAINTIFF

vs.                                    Civil No. 2:12-cv-02267

CAROLYN COLVIN                                                                         DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Gisele Wilhoite ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 5.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1. **Background:**

Plaintiff's application for DIB and SSI was filed on April 19, 2010.  (Tr. 17, 133-143). Plaintiff alleged she was disabled due to diabetes, depression, migraines, glaucoma, and COPD.  (Tr. 176).  Plaintiff alleged an onset date of January 1, 2010.  (Tr. 133).  These applications were denied initially and again upon reconsideration.  (Tr. 17, 72-89).  Thereafter, Plaintiff requested an

---

[1] The docket numbers for this case are referenced by the designation "ECF. No.___"  The transcript pages for this case are referenced by the designation "Tr."

1

administrative hearing on her applications and this hearing request was granted. (Tr. 90-91).

Plaintiff's administrative hearing was held on January 27, 2011. (Tr. 43-67). Plaintiff was present and was represented by counsel, Wayne Young, at this hearing. *Id.* Plaintiff and Vocational Expert ("VE") Montie Lumpkin testified at this hearing. *Id.* At the time of this hearing, Plaintiff was fifty-one (51) years old, which is defined as a "person closely approaching advanced age" under 20 C.F.R. § 404.1563(d), and had a 11th grade education. (Tr. 48, 51).

On April 11, 2011, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB and SSI. (Tr. 17-26). In this decision, the ALJ determined Plaintiff met the insured status requirements of the ACT through December 31, 2012. (Tr. 19, Finding 1). The ALJ also determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since January 1, 20010. (Tr. 19, Finding 2).

The ALJ determined Plaintiff had the severe impairment of obesity, diabetes mellitus with diabetic neuropathy, history of diverticulitis, and personality disorder. (Tr. 19, Finding 3). The ALJ then determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 19-21, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 21-24). First, the ALJ indicated he evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to lift and carry 20 pounds occasionally and 10 pounds frequently; sit for about six hours during and an 8-hour workday; stand and walk for about six hours during an 8-hour workday, but could only occasionally climb ramps and stairs, balance, kneel, crouch, and crawl; and could not

climb ladders, ropes, or scaffolds. (Tr. 21, Finding 5). The ALJ further found Plaintiff could understand, remember, and carry out simple, routine, and repetitive tasks; and could respond appropriately to supervisors, co-workers, the general public, and usual work situations. *Id*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 24, Finding 6). The ALJ found Plaintiff was unable to perform her PRW. *Id.* The ALJ also determined there was other work existing in significant numbers in the national economy Plaintiff could perform. (Tr. 24-25, Finding 10). The VE testified at the administrative hearing regarding this issue. (Tr. 63-67). Based upon that testimony, the ALJ determined Plaintiff retained the ability to perform other work such as a motel maid with 3,290 such jobs in region and 376,779 such jobs in the nation, a machine tender with 2,599 such jobs in region and 248,177 such jobs in the nation, and a production worker with 11,184 such jobs in region and 657,959 such jobs in the nation. (Tr. 25). Given this, the ALJ determined Plaintiff had not been under a disability as defined in the Act from January 1, 2010 through the date of his decision. (Tr. 25, Finding 11).

Thereafter, Plaintiff requested the Appeals Council review the ALJ's unfavorable decision. (Tr. 12). *See* 20 C.F.R. § 404.968. The Appeals Council declined to review this unfavorable decision. (Tr. 1-3). On November 7, 2012, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on February 12, 2013. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 8, 10. This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than

a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3)

whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

### 3. Discussion:

Plaintiff brings the present appeal claiming the ALJ erred: (A) in assessing Plaintiff's RFC and (B) in assessing Plaintiff's credibility. ECF No. 8, Pgs. 17-19. In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 10.

#### A. RFC

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The Plaintiff has the burden of producing documents and evidence to support his or her claimed RFC. *See Cox*, 160 F.3d at 1206; 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports the RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

In this matter, the ALJ determined Plaintiff retained the RFC to lift and carry 20 pounds occasionally and 10 pounds frequently; sit for about six hours during and an 8-hour workday; stand and walk for about six hours during an 8-hour workday, but could only occasionally climb ramps and stairs, balance, kneel, crouch, and crawl; and could not climb ladders, ropes, or scaffolds. (Tr. 21, Finding 5). The ALJ further found Plaintiff could understand, remember, and carry out simple, routine, and repetitive tasks; and could respond appropriately to supervisors, co-workers, the general public, and usual work situations. *Id*. Plaintiff argues the ALJ erred in this RFC determination. ECF No. 8, Pgs. 18-19.

In arguing the ALJ erred in the RFC assessment of Plaintiff she alleges the ALJ failed to evaluate or discuss the weight assigned to the opinions within the records; failed to obtain a consultative examination or medical expert testimony; and improperly evaluated the evidence regarding Plaintiff's diabetic neuropathy. ECF No. 8, Pgs. 18-19. Although, substantial evidence supports the ALJ's RFC determination, Plaintiff's arguments will be discussed.

Plaintiff alleges the ALJ did not evaluate the opinion evidence or discuss the weight afforded to the opinions within the record. ECF No. 8, Pg. 18. However, Plaintiff does not identify which medical opinions in the record the ALJ failed to evaluate. *Id.* In fact, Plaintiff's total argument in support of this is a single sentence which says "the ALJ decision does not contain an evaluation of

6

the opinion evidence or discussion of the weight afforded to the opinions within the record." *Id.*

Plaintiff's argument is without merit. The ALJ relied on and discussed in detail Plaintiff's treatment record, medical opinions from state agency physicians, a mental diagnostic evaluation from a consultative examiner, and Plaintiff's and her friends' statements regarding her daily functioning in evaluating her RFC. (Tr. 21-24). The ALJ considered these treatment records in assessing Plaintiff's RFC, and assigned functional restrictions that more than accommodated Plaintiff's impairments, including lifting and postural limitations. *Id.*

Plaintiff's also alleges the ALJ erred in the RFC determination by failing to obtain a consultative examination and medical expert testimony. ECF No. 8, Pg. 18. To begin with, Plaintiff provides no analysis of this alleged error, other than to say the ALJ erred by failing to obtain consultative examination. *Id.* Plaintiff fails to discuss why the ALJ should have order a consultative exam or how such an exam would have changed an RFC determination. *Id.* Further, Plaintiff is responsible for providing specific medical evidence to support her disability claim, and the burden of proof remains on Plaintiff to prove a disability. *See Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991); 20 C.F.R. §§ 404.1512(c), 416.912(c).

A consultative examination is limited only to instances in which such an examination is necessary to enable the ALJ to make a disability decision. *See* 20 C.F.R. §§ 404.1517, 404.1519a(b), 416.917, 416.919a(b). Further, there is no requirement the ALJ obtain medical expert testimony in every case. *See* 20 C.F.R. §§ 404.1527(e)(2)(iii), 416.927(e)(2)(iii). In this matter, the record was 797 pages and included 550 pages of medical records. (Tr. 247-797). The record was sufficiently developed with respect to Plaintiff's impairments and contained sufficient evidence for the ALJ to make an informed decision. The ALJ was not required to obtain a consultative evaluation or obtain medical expert testimony and no error was made in this decision as it relates to Plaintiff's RFC.

Finally, in alleging error in the ALJ's RFC determination, Plaintiff argues the ALJ improperly evaluated the evidence regarding Plaintiff's diabetic neuropathy. ECF No. 8, Pg. 19. However, as with Plaintiff's other arguments, she provides little discussion or analysis and the entire argument is contained in a single paragraph in her brief. ECF No. 8, Pg. 19.

To begin with, the ALJ did find Plaintiff's diabetic neuropathy as a severe impairment. (Tr. 19, Finding 3). In discussing the Plaintiff's impairments, the ALJ noted progress notes from Good Samaritan clinic showed only routine conservative treatment for Plaintiff's longstanding diabetes mellitus in 2008 through 2010. (Tr. 22). Further, in December 2009, Plaintiff's treating physician stated her diabetes was under good control. (Tr. 495). Also, the ALJ noted there was no evidence indicating exacerbation of her diabetes in 2010. (Tr. 22). An impairment that can be controlled by treatment or medication, cannot be considered disabling. *See Brown v. Astrue*, 611 F.3d 941, 955 (8th Cir. 2010).

There was no indication in any of the medical record that Plaintiff's diabetic neuropathy was disabling. However, the ALJ accommodated Plaintiff's subjective complaints of diabetic neuropathy to a significant extent by limiting her to only occasional climbing of ramps and stairs, and no climbing of ladders, ropes, or scaffolds. (Tr. 21).

Substantial evidence supports the ALJ's RFC determination. Plaintiff has the burden of establishing her claimed RFC. *See Goff v. Barnhart,* 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart,* 390 F.3d 584, 590 (8th Cir. 2004)). Because Plaintiff has not met her burden in this case and because the ALJ's RFC determination is supported by sufficient medical evidence, this Court finds the ALJ's RFC determination should be affirmed.

### B. ALJ's Credibility Determination

Plaintiff also claims the ALJ erred in his credibility determination. ECF No. 8, Pgs. 17-18.

In response, Defendant argues that the ALJ properly evaluated and discredited Plaintiff's subjective complaints pursuant to the directives of *Polaski*. ECF No. 10, Pgs. 5-13.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2]  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions.  *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain.  *See id.*  The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000).  As long as the ALJ properly applies these five factors and gives several valid reasons for finding the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference.  *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006).  The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)."  However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors.  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  Thus, this Court will not require the analysis of these additional factors in this case.

inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

Plaintiff argues the ALJ erred in assessing her credibility as it related to the limiting effects of her impairments and did not fully consider her subjective complaints as required by *Polaski*. The Defendant argues the ALJ properly evaluated Plaintiff's subjective complaints of pain in compliance with *Polaski*.

In the present action, this Court finds the ALJ properly addressed and discounted Plaintiff's subjective complaints. In his opinion, the ALJ addressed the factors from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929, and stated inconsistencies between Plaintiff's testimony and the record. (Tr. 21-24). Specifically, the ALJ noted the following: (1) Absence of objective medical findings to support Plaintiff's alleged disabling pain, (2) Plaintiff's described activities of daily living are not limited to any serious degree, (3) No physician has placed a level of limitation on Plaintiff's activities comparable to those described by Plaintiff, (4) Plaintiff's medication has been effective in controlling her symptoms with no side effects, and (5) Plaintiff failed to follow up with physician recommendations. *Id.*

These findings are valid reasons supporting the ALJ's credibility determination, and this Court finds the ALJ's credibility determination is supported by substantial evidence and should be affirmed. *See Lowe,* 226 F.3d at 971-72. Accordingly, the ALJ did not err in discounting Plaintiff's subjective complaints of pain.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **18th day of December 2013.**

>                                          /s/   Barry A. Bryant
>                                          HON. BARRY A. BRYANT
>                                          U. S. MAGISTRATE JUDGE